FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 10 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ISHMAEL LOPEZ,

                           Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
GIANFRANCO MEZZOIUSO, LIEUTENANT
MICHAEL CASEY, and POLICE OFFICER "JOHN
DOE 1", POLICE OFFICER "JOHN DOE 2", and
POLICE OFFICER "JOHN DOE 3", whereas first
names "JOHN" and last names "DOE" being
fictitious and unknown at this time,

                           Defendants.

----------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL**

11 CV 6320 (CBA) (JO)

      **WHEREAS**, plaintiff ISHMAEL LOPEZ commenced this action by filing a complaint on or about December 28, 2011 alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS**, defendants City of New York ("City" or the "City of New York"), and Lieutenant Michael Casey and Police Officer Gianfranco Mezzoiuso (together with City of New York, the "Defendants") deny any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS**, plaintiff has authorized his counsel, Nussin S. Fogel, Esq., to agree to the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City hereby agrees to pay plaintiff ISHMAEL LOPEZ a total amount of TWENTY SEVEN THOUSAND AND FIVE HUNDRED ($27,500.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the Defendants and to release the Defendants, and any present or former employees and agents of The City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims or rights of action alleging a violation of plaintiff's civil rights from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the Defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations

or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the Defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2012

NUSSIN SHAMUEL FOGEL
*Attorney for Plaintiff Ishmael Lopez*
299 Broadway
Suite 620
New York, NY 10007
(212) 385-1122

By: _____
Nussin Shamuel Fogel

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York,
Police Officer Gianfranco Mezzoiuso and
Lieutenant Michael Casey*
100 Church Street, Room 3-195
New York, NY 10007
(212) 788-1816

By: _____
Anthony M. DiSenso
*Assistant Corporation Counsel*

SO ORDERED:

Dated: New York, New York
_____, 2012

_____
HON. CAROL BAGLEY AMON
UNITED STATES DISTRICT CHIEF JUDGE

4